UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KEVIN DWIGHT PRESCOTT, a/k/a
KEVIN JOHNSON

      Petitioner,

-v-

ERIC HOLDER (U.S. Attorney General), DEP'T OF
HOMELAND SECURITY, IMMIGRATION &
CUSTOMS ENFORCEMENT,

      Respondents.
------------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
11-CV-161 (CBA)

AMON, United States District Judge:

  Kevin Prescott (also known as Kevin Johnson), pro se, has petitioned the Court for a writ of habeas corpus. 28 U.S.C. § 2241. Prescott was arrested in Queens in September 2008 and subsequently indicted on counts of criminal possession of a weapon, assault, and resisting arrest. He is currently being held at Rikers Island while the State of New York petitions the New York Court of Appeals for review of an order of suppression issued in September 2009 and affirmed by the Appellate Division, Second Department, on October 24, 2010.

  Prescott, who apparently is not a U.S. citizen and was ordered removed (at least once) after he arrived in this country as a child in 1984, says that his petition "is challenging the Constitutionality of his prior removal's [sic] and detention." (Pet. ¶ 12.) He explains that he has filed the petition because his "prior deportation removal's [sic] were completed without 'Procedural Due Process.'" (Id. ¶ 3.) Prescott also says that he is entitled to a discretionary waiver of removal under 8 U.S.C. § 1182(c) (which Congress repealed in 1996 and replaced with 8 U.S.C. § 12292b, "a new form of discretionary relief known as 'cancelation of removal,'" Zhang v. Holder, 617 F.3d 650, 666 n.15 (2d Cir. 2010) (internal quotation marks omitted))

1

because he "can show 'unusual and outstanding equities.'" (Id. ¶ 4.) He alleges that since his September 2008 arraignment on the charges described above, he has been denied bail because he "has an [Immigration and Naturalization Service ("INS")] Warrant pending," which apparently is related to his prior removal order or orders. (Id. ¶ 9.) Prescott has not provided any other information regarding his prior removal (or removals) or the INS "warrant."

For the reason explained below, the petition is dismissed for want of jurisdiction.

## DISCUSSION

Prescott's section 2241 petition, which challenges prior orders of removal and thus must have been filed in a federal court of appeals, REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231, 310-11 ("REAL ID Act") (codified at 8 U.S.C. § 1252); see also Marquez-Almanzar v. INS, 418 F.3d 210, 215 (2d Cir. 2005) (REAL ID Act eliminates habeas review of orders of removal in district courts), seems like a candidate for transfer under 28 U.S.C. § 1631. The Court, however, must dismiss the petition because no court of appeals has jurisdiction to adjudicate it.[1]

As an initial matter, the Court assumes that Prescott is "in custody" within the meaning of 28 U.S.C. § 2241(c)(3) such that he can challenge his prior removal orders in some court. Prescott is seeking relief only against the INS, Roldan v. Racette, 984 F.2d 85, 87 (2d Cir. 1993), so if he is not in the custody of the INS, no court has jurisdiction to decide his petition. Simmonds v. INS, 326 F.3d 351, 354 (2d Cir. 2003). The Second Circuit has held that an "alien

---

[1] Even if transfer were appropriate, the Court would not know to what court of appeals to transfer the petition. A challenge to a removal order should be filed "with the court of appeals for the judicial circuit in which the immigration judge completed the [removal] proceedings." 8 U.S.C. § 1252(b)(2). It should also be transferred to that court of appeals under 28 U.S.C. § 1631. Here, the Court does not know where the immigration judge who ordered Prescott removed sat.

prisoner[] challenging [a] final removal order[] . . . is in INS custody for purposes of § 2241" when he is in state custody, the INS has filed a "detainer" with state prison officials, and the INS has imposed a final order of removal such that "there is a reasonable basis to conclude that the INS will take custody of the prisoner upon his or her release from state prison." Id. at 356. Although Prescott has not fully explained the nature of the INS "warrant" pending against him or its effect on his custody, the Court assumes that the "warrant" is sufficiently similar to the detainer in Simmonds and that Prescott is currently subject to an order of removal such that Simmonds applies to render Prescott in INS custody for purposes of section 2241.

But even if Prescott is in INS custody for section 2241 purposes, his challenge to his prior removal orders is time barred. Any petition for review of a removal order must be filed "not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). The Second Circuit has said that the REAL ID Act's thirty-day limitations period is jurisdictional and thus not subject to equitable tolling. Ruiz-Martinez v. Mukasey, 516 F.3d 102, 117–19 (2d Cir. 2008). Here, Prescott has not identified the dates on which the removal orders he is challenging were entered, but the facts alleged in his petition conclusively establish that they were entered at least thirty one days before he filed this petition; all indications are that they were entered at least before his September 2008 arraignment. Prescott's challenge is thus untimely and any court of appeals to which this Court might transfer the petition would be without jurisdiction to decide it. Accordingly, the Court cannot transfer the petition and must dismiss it. See De Ping Wang v. Dep't of Homeland Sec., 484 F.3d 615, 617–18 (2d Cir. 2007) (error to transfer a time-barred challenge to a removal order; habeas petition should have been dismissed for want of jurisdiction).

## CONCLUSION

The petition for a writ of habeas corpus is dismissed for want of jurisdiction. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies in forma pauperis status for purposes of any appeal. The Clerk of Court is directed to enter judgment and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
January 27, 2011

/Signed by Judge Amon/

Carol Bagley Amon
United States District Judge